[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO DISMISS
The defendant in this summary process action has moved to dismiss the action, and claims that the notice to quit is defective. As a result, the defendant claims, there is no subject matter jurisdiction.
The notice to quit was served on December 10, 1996, and gives as a reason "lapse of time." The quit date of December 19, 1996, is included in the notice to quit. The complaint, served on December 20, 1996, alleges that a lease agreement terminated on November 30, 1996, and that although the notice to quit, as described above, was served, the defendant remains in possession.
In his motion to dismiss, the defendant assumed that a month to month tenancy was operative at the time of the service of the notice to quit, in which case the quit date was premature, in that the quit date for a month to month tenancy based on lapse of time has to be either the last day of the month in which the notice is served or the first day of the next month: otherwise, a new tenancy would be created. In his memorandum in opposition to the motion to dismiss, the plaintiff claims that because the CT Page 718 lease had expired and there allegedly was no new agreement after November 30, the defendant was a tenant at sufferance at the time of the service of the notice to quit. If this is so, it is argued, the quit date does not have to fall on the first or last day of a month. In his reply, the defendant counters that if the defendant were a tenant at sufferance at the time of service of the notice to quit, then the proper reason for eviction cannot be lapse of time. See Bermudez v. Rodriguez, H-798, No. SPH 34931 (Goldstein, J.) (Housing Session 1986).
I agree with the general propositions advanced by the plaintiff. It is true that no new lease is to be implied from the mere fact of staying on after the expiration of a lease; seeBerlingo v. Sterling Ocean House, Inc., 5 Conn. App. 302 (1986); it is also true that on the facts as recited by the plaintiff in his memorandum, the defendant would logically have been a tenant at sufferance rather than a tenant at will at the time of the notice to quit.
The difficulty, however, is that notice to quit states "lapse of time" as the reason for "terminating" the lease. For lapse of time to be an effective reason, there must be a rental agreement in effect at the time of the service of the notice to quit.Bermudez v. Rodriguez, supra; Duprey v. Bourque, H-514, No. SPH 8310 20852 (Housing Session 1982). As it is clear from the undisputed facts stated at the hearing on the motion to dismiss that there was no rental agreement in effect that would terminate on December 19,[1] and because a defective notice to quit deprives the court of subject matter jurisdiction; see Bridgeportv. Barbour-Daniels Electronics, 16 Conn. App. 574, 582 (1988); the motion to dismiss must be granted.
Beach, J.